IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-358-BO
No. 5:12-CV-423-BO

| | | |
|---|---|---|
| ANTHONY D. DUDLEY ) | | |
| Petitioner, ) | | |
| v. ) | ORDER | |
| ) | | |
| UNITED STATES OF AMERICA ) | | |
| Respondent. ) | | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner, Mr. Dudley, contends that he is not a felon for purposes of § 922(g)(1) in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc).[1] The government has moved to dismiss Mr. Dudley's motion to vacate. Mr. Dudley has failed to respond to the motion to dismiss.

## BACKGROUND

Mr. Dudley was sentenced by this Court on July 28, 2010, to a total term of 101 months' imprisonment following his plea of guilty to charges of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 and possession of a firearm in furtherance of a

---

[1] In the government's motion to dismiss, it states that petitioner's counsel notified counsel for the government "that she incorrectly argued petitioner could not be convicted of being a felon in possession of a firearm." [DE 46 at 2 n.1]. The government's motion states that petitioner is challenging his enhancement under 2K2.1(a)(4)(A) of the sentencing guidelines [DE 46 at 2]. Mr. Dudley did not respond to the government's motion to dismiss and has therefore not clarified to the Court the grounds upon which he seeks relief under *Simmons*. However, as the Court finds that Mr. Dudley's motion is untimely, it does not need to fully consider the substantive bases for Mr. Dudley's claim.

drug trafficking crime in violation of 18 U.S.C. § 924(c).[2] Mr. Dudley did not file a direct appeal. Mr. Dudley filed the instant § 2255 motion with the Court on July 11, 2012.

DISCUSSION

The government contends, *inter alia*, that Mr. Dudley' motion is untimely. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4). Mr. Dudley argues that his motion is timely under § 2255(f)(4).

Mr. Dudley's motion is untimely under § 2255(f)(4). Although "facts" in this context have been held to include court rulings and the legal consequences of known facts, *Johnson v. United States*, 544 U.S. 295, 308-09 (2005), the court ruling or legal consequence must have occurred in the petitioner's *own case*; in other words, court decisions that clarify the law as opposed to the facts supporting a particular petitioner's habeas claim may not serve as triggering events for purposes of the one-year limitations period. *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005); *see also Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007). Mr. Dudley has pointed to no court order entered in his own case or other newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4).

---

[2]Additional charges for drug possession were dismissed at the imposition of sentence pursuant to a plea agreement with the government.

Mr. Dudley's petition is also untimely under § 2255(f)(3). As the Fourth Circuit has recently held, the rule announced in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577 (2010), upon which the *Simmons* court and therefore Mr. Dudley's § 2255 motion relies, is procedural and is not retroactively applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554, 561 (4th Cir. 2012). Equitable tolling is therefore also unavailable to toll the period between the Supreme Court's opinion in *Carachuri-Rosendo* and the Fourth Circuit's application of *Carachuri-Rosendo* in *Simmons*.[3]

As the Court is unaware of any other basis upon which to find the petition timely under the remaining provisions of § 2255(f), the Court must dismiss Mr. Dudley's petition as untimely. Furthermore, if Mr. Dudley's *Simmons* claim relates only to the application of 2K2.1(a)(4)(A) of the sentencing guidelines, as stated in the government's brief, his claim would not be cognizable under § 2255 even if it were deemed timely.[4]

Generally, errors in the application of the sentencing guidelines cannot be raised in a subsequent § 2255 motion barring extraordinary circumstances. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999); *see also Powell*, 691 F.3d at 563 n.2 (King, J. dissenting in part and concurring in the judgment in part) ("defendants labeled career offenders cannot receive

---

[3]Moreover, even if equitable tolling were not used to toll the period between the right announced in *Carachuri-Rosendo* and the decision in *Simmons*, but rather to allow a petitioner file based solely on the date of the decision in *Simmons*, a theory that the Court does not endorse here, Mr. Dudley's petition was filed almost one year after the Fourth Circuit's *en banc* decision in *Simmons*. The Court would be wary to conclude that such action constitutes the reasonable diligence required for equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010).

[4]A review of Mr. Dudley's prior judgments of conviction reveals that even applying *Simmons* his instant conviction for felon in possession of a firearm would remain [DE 40 at Ex. 1, Judgment dated 9/15/2003 for a class G felony, prior record level II].

3

sentences exceeding the applicable statutory maximum. Thus, those defendants also cannot rely on *Carachuri* to obtain § 2255 relief"). Accordingly, a claim by Mr. Dudley that *Simmons* would foreclose the application of 2K2.1 to his sentencing guidelines range would not be cognizable on a § 2255 petition as the sentence imposed was not greater than his statutory maximum.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.

2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Mr. Dudley's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the reasons discussed above, the government's motion to dismiss [DE 45] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 40] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this _26_ day of October, 2012.

                                                         TERRENCE W. BOYLE
                                                        UNITED STATES DISTRICT JUDGE